**HOTEL BEL–AIR, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 14–1241, 14–1257.

United States Court of Appeals, District of Columbia Circuit.

March 8, 2016.

Arch Y. Stokes, Esquire, Karl M. Terrell, Stokes Wagner Hunt Maretz & Terrell, Atlanta, GA, for Petitioner.

Usha Dheenan, Linda Dreeben, Joel Abraham Heller, National Labor Relations Board, Washington, DC, for Respondent.

Before: MILLETT, Circuit Judge, and EDWARDS and SILBERMAN, Senior Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This case was considered on the record from the National Labor Relations Board and on the briefs of the parties. *See* Fed. R.App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED and ADJUDGED** that the petition for review be denied, and the cross-application for enforcement be granted, for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

## MEMORANDUM

Hotel Bel–Air is a luxury hotel in Los Angeles, with employees represented by UNITE HERE Local 11. The parties were under a collective-bargaining agreement running until September 30, 2009. In July of 2009, Local 11 indicated its

desire to open negotiations with the Hotel for a successor agreement, but the Hotel promptly notified the union that it planned to close for renovations at the end of September. Renovations were to last for as long as two years, and the Hotel expressed its willingness to bargain over the closure's effects.

From August to October of 2009, the parties held six bargaining sessions regarding severance packages and a successor agreement covering the reopening of the hotel. The parties met next the following year, in February of 2010, for an "off-the-record" session in New York and an on-the-record session in Los Angeles. They met again in Los Angeles on April 9, where the Hotel issued what it called its "last, best, and final" offer. Following the April 9 meeting, the parties—including Local 11's "proxy," Local 6 of New York—continued to negotiate in May and June, where proposals were swapped and, albeit with no agreement, both seemed to move toward one another on key terms. Nevertheless, the Hotel unilaterally implemented its April 9 offer on July 7, 2010, and mailed each employee a severance plan, as well as a waiver and release form to which the union was not made a party. A complaint was filed, and on October 31, 2014, the Board issued a Decision and Order holding that the Hotel violated § 8(a)(5) and (1) of the NLRA by unilaterally implementing its terms and dealing directly with Local 11 employees.

We think there is ample evidence supporting the Board's determination that no impasse existed when the petitioner took unilateral action. Extensive negotiations led up to the alleged impasse and continued afterward. There is more than enough evidence in the record that the parties had not reached a point where further discussion would prove futile, and that movement toward a common point was still likely, even after the Hotel's purported final offer. We reject the Hotel's argument that the Board erred in considering evidence of "off-the-record" negotiations in determining whether an impasse had been reached. Whatever "off-the-record" means to the parties, it was not "off-the-record" to the Board, and the Hotel fails to offer any precedent to suggest otherwise. Finally, petitioner's direct dealing with employees—mailing each employee a severance plan—constitutes an independent violation of § 8(a), even if the parties had reached an impasse, but it is unnecessary to consider it further in light of the finding of no impasse.

Therefore, on the record before us, we grant enforcement of the Board's cross-application for enforcement of its Order, in full. That includes requiring petitioner to "[c]ease and desist from (a) Refusing to bargain collectively by unilaterally implementing its April 9, 2010 severance, waiver, and release [and] (b) Dealing directly with bargaining unit employees regarding severance, waiver, and release terms." *Hotel Bel–Air*, 361 N.L.R.B. No. 91, at 1 (Oct. 31, 2014).